IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TE'VON SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-854-GBW-EGT |
| | ) | |
| SGT. MOYUER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Te'von Savage, an inmate at James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1; *see also* D.I. 18).[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7 & 9). Presently before the Court are the motions of Defendants Sgt. Moyuer and Dr. Gardner to dismiss the claims against them. (D.I. 29 & 31). For the reasons set forth below, the Court recommends that Sgt. Moyuer and Dr. Gardner's motions be GRANTED. Additionally, the Court screens the Amended Complaint as to the remaining Defendants – Beebe Medical Center and Dr. David Sopa – pursuant to 28 U.S.C. § 1915(e) and recommends that those claims be DISMISSED WITH PREJUDICE.

## I.     <u>BACKGROUND</u>

On January 23, 2022, Plaintiff had an altercation with another inmate, Jhareed Ayers. (D.I. 15-1 ¶¶ 3-4). The two correctional officers on duty, Sgt. Moyuer and non-party Officer Maddock, noticed and attempted to break up the altercation. (*Id.* ¶ 5). Officer Maddock pepper sprayed both inmates and ordered them to lie face down on the ground. (*Id.* ¶ 7). After being sprayed, Plaintiff "immediately complied" with the order and got on the ground "in the

---

[1]     Unless otherwise noted, all citations are to the docket in *Savage v. Moyuer et al.*, C.A. No. 24-854-GBW-EGT (D. Del. filed July 23, 2024).

surrendering position." (*Id.* ¶ 6). Ayers, however, did not. (*Id.* ¶ 7). Because Ayers did not get on the ground as directed, Sgt. Moyuer grabbed Ayers and performed a take-down maneuver. (*Id.*). In doing so, Sgt. Moyuer "body slammed" Ayers on top of Plaintiff. (*Id.* ¶ 8). Both Sgt. Moyuer and Ayers landed on top of Plaintiff's right arm, which caused Plaintiff to "instantly scream out in pain" that he believed his arm was broken. (*Id.* ¶¶ 9-10). Sgt. Moyuer then grabbed Plaintiff's right arm and put it behind his back for handcuffing, which apparently caused additional damage to Plaintiff's arm. (*Id.* ¶ 11). Plaintiff alleges that the pain was so intense that it "caused him to defecate on himself" as he yelled out in pain. (*Id.* ¶ 12). In response, Sgt. Moyuer told Plaintiff to "shut the fuck up" and proceeded to further pepper spray Plaintiff. (*Id.*).

After being placed in handcuffs, Plaintiff was seen by Dr. Gardner at the prison infirmary. (D.I. 15-1 ¶ 13). Dr. Gardner indicated that she believed Plaintiff's arm was only dislocated, but she nevertheless ordered an X-ray for Plaintiff's arm. (*Id.* ¶ 14). Because the X-ray was not scheduled until the next day, Plaintiff spent the rest of the night in "excruciating pain." (*Id.* ¶¶ 15-16). The X-ray ultimately showed that Plaintiff's arm was, in fact, broken in three places and he was admitted to Beebe Medical Center later that day. (*Id.* ¶¶ 16-18).

On January 25, 2022, Dr. Sopa performed corrective surgery on Plaintiff's arm, installing screws to facilitate the healing process. (D.I. 15-1 ¶¶ 18-19). But the surgery apparently did not stop Plaintiff's excruciating pain. (*Id.*). Plaintiff was thereafter taken to two different surgeons, although Plaintiff's pleading is silent as to when. (*See id.* ¶¶ 20-22). The first (unnamed) surgeon refused to operate on Plaintiff because the surgery would have been "beyond the scope" of that surgeon's abilities. (*Id.* ¶ 20). The second surgeon – non-party Dr. Eric Johnson – told Plaintiff that the screws in his arm "were not properly installed," which resulted in Plaintiff's arm becoming

infected. (*Id.* ¶ 22). Dr. Johnson prescribed Plaintiff antibiotics for the infection and ultimately performed the necessary corrective surgeries for Plaintiff's arm to heal correctly. (*Id.*).

On July 24, 2024, Plaintiff filed the present action against Sgt. Moyuer and Dr. Gardner. (D.I. 1). A few months later, Plaintiff filed a second action against "Bee Bee Medical Center" and Dr. Sopa. *See Savage v. Bee Bee Medical Ctr.*, C.A. No. 24-1134-GBW (D. Del. filed Oct. 11, 2024), (D.I. 2). Judge Williams screened and dismissed the complaints in both cases via a single order on April 15, 2025. (D.I. 11); *see also Bee Bee Medical Ctr.*, C.A. No. 24-1134-GBW (D. Del. Apr. 15, 2025), (D.I. 9). Plaintiff was given one month to file an amended complaint and, because the two cases concerned the same incident, Plaintiff was to include all allegations against all four defendants – Moyuer, Gardner, Sopa and Beebe – in a single complaint in this case. (*See* D.I. 11 at 3-4). Plaintiff filed the Amended Complaint against all four Defendants here as directed. (*See* D.I. 15 & 15-1). On July 25, 2025, Judge Williams issued a service order as to two of the defendants, Sgt. Moyuer and Dr. Gardner. (D.I. 16). On December 5 and 22, 2025, Sgt. Moyuer and Dr. Gardner filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). (D.I. 29 (Moyuer); *see also* D.I. 31 & 32 (Gardner)). Both motions are fully briefed. (D.I. 33, 34 & 35).

## II.    LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

### III.   **DISCUSSION**

The Court begins by addressing the motions to dismiss filed by Sgt. Moyuer and Dr. Gardner. (D.I. 29 & 31). Out of an abundance of caution, the Court then proceeds to screen the remaining claims against the other two Defendants, Dr. Sopa and Beebe Medical Center.

#### A.    **Sergeant Moyuer's Motion to Dismiss (D.I. 29)**

Sgt. Moyuer argues that the statute of limitations bars Plaintiff's claim. (D.I. 29 at 4). Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the cause of action accrued. *See O'Connor v. City of Newark*, 440 F.3d 125,

126 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from when the cause of action accrues. 10 *Del. C.* § 8119; *see also Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (claims under § 1983 accrue when plaintiff knew or should have known of the actionable injury). The two-year limitations period is subject to Delaware's tolling provisions. *St. Louis v. Haller*, 215 F. Supp. 3d 307, 313 (D. Del. 2016).

According to the Amended Complaint, at the "very moment" that Sgt. Moyuer rolled onto Plaintiff's arm, "Plaintiff instantly screamed out in pain, while vocalizing his sense that his arm was broken." (D.I. 15-1 ¶ 10). By Plaintiff's own admission, he was aware of the injury on the date of the incident – *i.e.*, January 23, 2022. Although Plaintiff seems to suggest that his claim did not accrue on that date because he was unable to get an "official or definitive clarification of [his] injury" (D.I. 15-1 ¶ 1), "[a] cause of action accrues even though the full extent of the injury is not then known or predictable," *LabMD Inc. v. Boback*, 47 F.4th 167, 180 (3d Cir. 2022) (cleaned up). Because excessive force claims are focused on the force used and not the injury caused, Plaintiff's cause of action accrued when Sgt. Moyuer used the complained-of force on January 23, 2022. *See Weaver v. Brozell*, No. 2:23-cv-2116, 2024 WL 4476496, at *4 (W.D. Pa. Oct. 11, 2024) (refusing to apply the discovery rule to excessive force claim when the plaintiff did not know the full extent of his injuries but knew that he was injured); *cf. Brooks v. Kyler*, 204 F.3d 102, 104 ("[T]here is no fixed minimum quantum of injury that a prisoner must prove that he suffered . . . in order to state a claim for wanton and excessive force."). The statute of limitations as to Sgt. Moyuer therefore expired on January 23, 2024 – six months before Plaintiff first filed his claim. Plaintiff's claim may proceed only if he has a colorable basis to equitably toll the statute of limitations.

Delaware law provides for tolling in a few circumstances. *See Est. of Miller ex rel. Miller v. Hudson*, 528 F. App'x 238, 240-41 (3d Cir. 2013) (Delaware law applies to tolling in § 1983

cases).  In opposing the motions to dismiss, Plaintiff does not clearly articulate what tolling rule he thinks should apply.  (*See generally* D.I. 33).  Plaintiff focuses on being "misinformed about filing [his] lawsuit within two years from [his] final surgery," and he adds that he struggled to file his suit because he is no longer able to write well with his dominant hand because of his injuries.  (*See id.* at 2; *see also* D.I. 15-1 ¶ 1).  Plaintiff's tolling arguments appear based on his injury and actions of Defendants.  In evaluating whether equitable tolling is available here, the Court will limit its analysis to the arguments actually raised by Plaintiff.  *See Watkins v. Mohan*, 144 F.4th 926, 942-43 (7th Cir. 2025); *accord Schmidt v. Skolas*, 770 F.3d 241, 251-52 (3d Cir. 2014).[2]

One potentially applicable tolling rule is when the injury is "inherently unknowable."  *In re Asbestos Litig. W. Trial Grp.*, 622 A.2d 1090, 1092 (Del. Super. Ct. 1992).  Plaintiff seemingly attempts to invoke this rule by pleading that he was unable to get an "official or definitive clarification of [his] injury."  (D.I. 15-1 ¶ 1).  But Plaintiff clearly knew of his injury when it happened because he admits that he screamed out in pain to vocalize "his sense that his arm was broken" (*id.* ¶ 10) when the incident occurred.  Plaintiff's injury was not inherently unknowable.

Another relevant tolling rule is fraudulent concealment, which applies when the person who caused the injury "had actual knowledge of the wrong done" and "acted affirmatively in concealing the facts" from the injured party.  *See Layton v. Allen*, 246 A.2d 794, 798 (Del. 1968).  In that circumstance, the statute of limitations is tolled "until the plaintiff becomes aware of the facts being concealed."  *Hood v. McConemy*, 53 F.R.D. 435, 446 (D. Del. 1971).  Plaintiff appears to invoke this tolling rule as well.  (D.I. 15-1 ¶ 1 (alleging that Dr. Gardner "ill-advised Plaintiff

---

[2]    It is unclear whether a plaintiff must plead facts to invoke equitable tolling.  *See Love v. New Castle Cnty. Police Officer Devon Williams*, C.A. No. 25-499-JLH-EGT, 2026 WL 1970580, at *5 n.4 (D. Del. July 8, 2026).  The Court suspects that where, as here, it is clear from the face of the pleading that a claim is time-barred, the plaintiff does bear some burden of pleading that equitable tolling applies – and why.  *Id.*

that he only had a dislocated arm"); *see also* D.I. 33 at 2). But there are no facts alleged to suggest that Sgt. Moyuer did anything to mislead Plaintiff (or that Sgt. Moyuer knew that Plaintiff broke his arm). And even if there were,[3] Plaintiff admits that he learned that his arm was broken on January 24, 2022. (D.I. 15-1 ¶ 16). At most, this doctrine would extend the limitations period for Plaintiff's claim until January 24, 2024. But because Plaintiff filed suit well after that – on July 23, 2024 – the doctrine of fraudulent concealment would not save Plaintiff's claim as to Sgt. Moyuer.

Plaintiff also claims that he was "misinformed about filing [his] lawsuit within two years from [his] final surgery which corrected [his] arm injury by Dr. Eric Johnson on 4-13-2023." (D.I. 33 at 2). This theory fails for two reasons. First, Plaintiff does not indicate that it was Sgt. Moyuer who misinformed him as to the limitations period. (*See id.*). But more importantly, the doctrine of fraudulent concealment only tolls the limitations period if the defendant engages in some affirmative act "designed or intended to prevent, and which does prevent, the discovery of facts giving rise to a cause of action." *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254, 256 (Del. Super. Ct. 1969). Misinformation regarding the statute of limitations period is fundamentally different than concealing the facts underlying a cause of action – and only the latter is relevant to tolling under a fraudulent concealment theory. Therefore, even if Sgt. Moyuer provided bad information to Plaintiff regarding the statute of limitations, that is not enough to toll the limitations period. *See Brown v. Buck*, 614 F. App'x 590, 593 (3d Cir. 2015) ("Any alleged advice to the

---

[3]    A plaintiff is not required to plead "facts sufficient to overcome an affirmative defense," such as the statute of limitations. *See Schmidt*, 770 F.3d at 251-52. Yet Plaintiff attempts to plead around the statute of limitations in the Amended Complaint. (*See* D.I. 15-1 ¶ 1 ("Doctor Gardener [sic] . . . ill-advised Plaintiff that he only had a dislocated arm part . . . Thus, by virtue of these facts, Plaintiff has met the time of tolling."); *see also* D.I. 33). Because "no reasonable factfinder could conclude" that this tolling theory would save Plaintiff's claim as to Sgt. Moyuer, dismissal is appropriate at this stage. *Brawner v. Educ. Mgmt. Corp.*, 513 F. App'x 148, 150 (3d Cir. 2013).

contrary [regarding when to timely file suit] does not toll the running of the statute of limitations"); *see also LGM Holdings, LLC v. Schurder*, 340 A.3d 1134, 1147 (Del. 2025).

Plaintiff seems to also be arguing that tolling is appropriate because he was prevented "in some extraordinary manner from timely asserting his rights." *Owens v. Carman Ford, Inc.*, 2013 WL 5496821, at *2 (Del. Super. Ct. Sept. 20, 2013). The Court is unconvinced that Plaintiff's circumstances are extraordinary enough to warrant the "extreme remedy" of equitable tolling. *See D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 752 (3d Cir. 2020). Plaintiff has offered no evidence or argument to suggest his injury was so debilitating as to preclude him from filing this case until July 23, 2024. *See Brown*, 614 F. App'x at 592.

The last tolling rule that could apply is the continuing violation doctrine. Under that doctrine, "a plaintiff can pursue claims based on conduct that began prior to the limitations period, if the plaintiff can show that the conduct is part of an ongoing practice." *Dobrich v. Walls*, 380 F. Supp. 2d 366, 374 (D. Del. 2005). To invoke the doctrine, a plaintiff must show that the act outside of the limitations period "is not an isolated occurrence or sporadic act, but part of a consistent, on-going pattern." *Id.* at 375 (citing *West v. Phila. Elec. Co.*, 45 F.3d 744, 754-55 (3d Cir. 1995)). The "ill effects" of the original violation – even if continuing – do not make the doctrine applicable. *Cowell v. Palmer Tp.*, 263 F.3d 286, 293 (3d Cir. 2001).

Sgt. Moyuer argues that the continuing violation doctrine does not apply here because Plaintiff fails to allege Sgt. Moyuer's involvement after the date of the incident. (*See* D.I. 29 at 6). The Court agrees. Plaintiff only alleges that Sgt. Moyuer was part of the initial incident. (D.I. 15-1 ¶¶ 3-12). Plaintiff never alleges that Sgt. Moyuer engaged in any other acts after the January 23, 2022 takedown – let alone relevant acts that could support application of the continuing violation doctrine. (*See id.* ¶¶ 13-22). Instead, Plaintiff seeks to invoke this doctrine based on the "ill

8

effects" stemming from the original act.  That is insufficient to save the claim.  *See Shabazz v. Del. Dep't of Corr.*, C.A. No. 16-570-RGA, 2020 WL 3871086, at *6 (D. Del. July 9, 2020).

In sum, Plaintiff has failed to demonstrate that any tolling doctrine should apply to save his otherwise time-barred claim against Sgt. Moyuer.[4]  The Court thus Court recommends Plaintiff's § 1983 claim against Sgt. Moyuer be dismissed.

### B.      Dr. Gardner's Motion to Dismiss (D.I. 31)

Dr. Gardner also argues that Plaintiff's § 1983 claim against her is barred by the statute of limitations.  (D.I. 32 at 5-12).  The Court agrees for largely the same reasons as for Plaintiff's claim against Sgt. Moyuer.[5]

According to the Amended Complaint, Dr. Gardner examined Plaintiff shortly after he was injured on January 23, 2022.  (*See* D.I. 15-1 ¶¶ 13-16).  Plaintiff faults Dr. Gardner for not promptly X-raying his broken arm and for forcing him to wait in pain for hours before receiving treatment.  (*See id.* ¶ 17).  Plaintiff alleges it was so "obvious[]" that his arm was broken that Dr. Gardner was deliberately indifferent in not ordering the X-ray sooner.  (*Id.* at 11).  Even if Dr. Gardner was

---

[4]     A prisoner's claims are tolled while exhausting administrative remedies.  *See Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017).  Plaintiff does not argue that the limitations period should be tolled because he was pursuing administrative remedies.  (*See* D.I. 33; *see also* D.I. 15-1 ¶ 1).  As such, the Court does not analyze this tolling doctrine.  *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1391 (3d Cir. 1994) ("The district court was to accept all allegations of fact as true and draw all reasonable inferences in Oshiver's favor. Therefore, all that was required of Oshiver at this stage was that she plead the applicability of the doctrine [of equitable tolling]." (citation omitted)), *overruled on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018) (en banc); *cf. Wisniewski*, 857 F.3d at 158 (reversing dismissal on statute of limitations grounds when the facts alleged suggested that plaintiff utilized administrative remedies).

[5]     The Court's analysis concerning Plaintiff's generic tolling arguments also apply to Plaintiff's § 1983 claim against Dr. Gardner.

deliberately indifferent,[6] Plaintiff knew or should have known of that deliberate indifference when Dr. Gardner refused to order an immediate X-ray and instead made Plaintiff wait until the next day. *See Smith v. Mun. of Lycoming Cnty.*, 335 F. App'x 147, 149 (3d Cir. 2009) (medical deliberate indifference claim accrued when plaintiff "knew, or had reason to know, of his alleged mistreatment"). The limitations period against Dr. Gardner thus expired on January 23, 2024. (D.I. 15-1 ¶ 13-15). Without tolling, Plaintiff's claim against Dr. Gardner is time-barred.

As with Plaintiff's claim against Sgt. Moyuer, no tolling doctrine applies to the claim against Dr. Gardner. Starting with fraudulent concealment, even if Dr. Gardner did somehow mislead Plaintiff into believing his arm was not broken on January 23, 2022, Plaintiff admits that he learned the next day that his arm was, in fact, broken. (D.I. 15-1 ¶ 16). Any tolling under this rule lasted at most a single day (extending the limitations period to January 24, 2024). But Plaintiff's claim against Dr. Gardner was asserted six months too late. The fraudulent concealment tolling rule cannot save Plaintiff's claim.

Neither can the continuing violation doctrine. The claim against Dr. Gardner is based on her purported deliberate indifference when initially assessing and diagnosing Plaintiff's injured arm. (*See* D.I. 15-1 ¶ 14). There are no allegations that Dr. Gardner undertook additional unconstitutional actions. (*See id.* ¶¶ 18-22). Plaintiff nevertheless seeks to toll his claim against her because he was not "receiving the proper care for his broken arm." (D.I. 15-1 ¶ 1). But Dr. Gardner only ordered the initial X-ray; Plaintiff does not allege – and the Court has no basis to

---

[6]    The Court is unconvinced that deliberate indifference exists based on the allegations here. *See Folk v. Prime Care Med.*, 741 F. App'x 47, 51-52 (3d Cir. 2018) (ordering X-ray not deliberate indifference); *Miller v. Steele-Smith*, 713 F. App'x 74, 79-80 (3d Cir. 2017) (affirming grant of summary judgment because there was no evidence that the doctor was aware that the three-day delay in having an x-ray taken would cause the plaintiff harm); *Burgos v. Phila. Prison Sys.*, 760 F. Supp. 2d 502, 511 (E.D. Pa. 2011) (granting summary judgment to doctor who examined and ordered x-rays the day of the plaintiff's injury).

conclude – that Dr. Gardner was otherwise involved in the subsequent treatment of Plaintiff's arm. (*See id.* ¶¶ 1, 13-17; *see also id.* ¶¶ 18-22 (alleging that Drs. Sopa and Johnson were involved in treating Plaintiff's broken arm)). Because Dr. Gardner's complained-of conduct was only an isolated incident occurring outside the two-year statute of limitations period, the continuing violation doctrine does not apply. *See Shabazz*, 2020 WL 3871086, at *6.

Plaintiff does not advance any other tolling theory as to Dr. Gardner, and all of the offered theories fail to save the claim against Dr. Gardner. Plaintiff's § 1983 claim against Dr. Gardner is thus time-barred and the Court recommends that it be dismissed.[7]

**C.        Screening the Amended Complaint as to the Remaining Defendants**

As directed (D.I. 11), Plaintiff filed a single amended pleading in this case containing all of his allegations against the four Defendants involved in his injury and subsequent treatment – *i.e.*, Sgt. Moyuer, Dr. Gardner, Dr. Sopa and Beebe Medical Center (D.I. 15-1 (Amended Complaint)). Although service was ordered and ultimately waived by Sgt. Moyuer and Dr. Gardner (D.I. 16, 24 & 26), that did not happen with Dr. Sopa and Beebe Medical Center. Therefore, the Court will screen the Amended Complaint under § 1915(e) as to the remaining two Defendants.

1.        Dr. Sopa

Plaintiff was brought by prison officials to Beebe Medical Center to have corrective surgery on his arm. (D.I. 15-1 ¶¶ 17-18). Dr. Sopa performed the surgery, but he allegedly "botched" the procedure by "failing to properly install the screws used to hold Plaintiff's breaks in place." (*Id.* ¶ 19). Plaintiff is suing Dr. Sopa for failing to perform successful corrective surgery.

---

[7]        Because Plaintiff is asserting a § 1983 claim and not a medical negligence claim as to Dr. Gardner (D.I. 15-1 at 1, 7 & 8), the Court need not address her argument that Delaware's medical testimony requirement for negligence claims applies in federal court. *See Berk v. Choy*, 607 U.S. 187, 189 (2026) (rejecting the same argument).

Plaintiff fails to state a claim of deliberate indifference as to Dr. Sopa. Plaintiff never alleges – plausibly or otherwise – that Dr. Sopa knew that there was a substantial risk to Plaintiff's health or wellbeing by installing the screws. Rather, Plaintiff attempts to manufacture a substantial risk based on Dr. Sopa's later-discovered "fail[ure] to properly install the screws." (D.I. 15-1 ¶ 19). But using hindsight to create a constitutionally relevant "substantial risk" is not permitted. *See Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 428-29 (3d Cir. 2006). At most, Plaintiff alleges that Dr. Sopa did a bad job installing the screws. That is negligence – not deliberate indifference. And medical negligence does not violate the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, Plaintiff's claim against Dr. Sopa should be dismissed.

### 2.    Beebe Medical Center

Plaintiff alleges that Beebe Medical Center is also liable because of the "botched medical procedure" performed by Dr. Sopa. (D.I. 15-1 at 20). Yet nowhere does Plaintiff allege that Beebe Medical Center as an institution performed any action that amounts to deliberate indifference. Instead, it appears that Plaintiff seeks to hold Beebe Medical Center indirectly liable based on the actions of Dr. Sopa. (*See id.* ¶¶ 18-22). Because Plaintiff only asserts § 1983 claims (*see* D.I. 15-1 at 1), and *respondeat superior* liability is not available in such cases, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), the Court recommends that the claim against Beebe Medical Center be dismissed.

### D.    Leave to Amend

In civil rights cases, leave to amend should be freely granted unless allowing amendment would be inequitable or futile. *See Fletcher-Harlee Corp v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007). As to the claims against Dr. Sopa and Beebe Medical Center, amendment is futile. Judge Williams previously informed Plaintiff that "'deliberate indifference' requires more than negligence or medical malpractice." (D.I. 11 at 3; *see also id.* at 3 n.2 (negligent

12

diagnosis does not state an Eighth Amendment violation)).   As in the original complaint,[8] Plaintiff's allegations concerning Dr. Sopa are based on the latter's allegedly botched installation of screws in Plaintiff's arm.  (*See* D.I. 15-1 ¶¶ 18-22).  Plaintiff was already put on notice of the deficiencies in his claim against Dr. Sopa but failed to rectify them; Plaintiff's claim against Dr. Sopa should be dismissed with prejudice.  And because Plaintiff's claim against Beebe Medical Center is based exclusively on *respondeat superior*, amendment of that claim would also be futile.

As to Plaintiff's claims against Sgt. Moyuer and Dr. Gardner, the Court cannot conclude that amendment would be futile.  Although Plaintiff's offered tolling arguments were insufficient to save the claims, the statute of limitations is tolled while a prisoner exhausts administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017).  And Plaintiff has previously indicated that he exhausted administrative remedies.  (*See* D.I. 1 at 8).  It is therefore possible (though unlikely) that Plaintiff may be able to plead facts to support tolling the statute of limitations for the sixth months at issue here (*i.e.*, from January 23, 2024 to July 23, 2024).  *See Sorokaput v. Fare*, 2022 WL 3043154, at *2 (3d Cir. Aug. 2, 2022).  The Court thus recommends that Plaintiff be given one final opportunity to amend to plead facts related to his pursuit of administrative remedies, namely facts regarding when he began filing grievances related to the complained-of incident and when that grievance process was completed (and its outcome).

## IV.   **CONCLUSION**

For the foregoing reasons, the Court recommends that Sgt. Moyuer's motion to dismiss (D.I. 29) and Dr. Gardner's motion to dismiss (D.I. 31) be GRANTED.  The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation

---

[8]    *See Bee Bee Medical Ctr.*, C.A. No. 24-1134-GBW (D. Del. Oct. 11, 2024), (D.I. 2).

is adopted to file an amended pleading as to Sgt. Moyuer and Dr. Gardner. The Court finally recommends that, pursuant to 28 U.S.C. § 1915(e), Plaintiff's claims against Dr. Sopa and Beebe Medical Center be DISMISSED WITH PREJUDICE.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: July 22, 2026

_____
UNITED STATES MAGISTRATE JUDGE

14